UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Linda Gail Lamon

**Case Number:** 05-16328

## Document Information

**Description:** Memorandum Opinion re: [6-1] Motion For Relief From Stay Permitting the District Court to enter Judgment by Rapid Temps, Inc. .

**Received on:** 2006-03-15 09:08:32.000

**Date Filed:** 2006-03-15 00:00:00.000

**Date Entered On Docket:** 2006-03-15 00:00:00.000

## Filer Information

**Submitted By:** James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
Linda Gail Lamon,
    Debtor.                                  No. 7 - 05-16328 - SA

**MEMORANDUM OPINION ON MOTION FOR
RELIEF FROM AUTOMATIC STAY (doc 6) and ORDER**

This matter came before the Court for hearing on Movant Rapid Temps, Inc.'s ("Movant") Motion for Relief from Automatic Stay (doc 6)("Motion"). Debtor filed a response (doc 10). The parties filed briefs, docs 20, 23 and 24. Having considered the motion and response and the briefs, the Court finds that the Motion is well taken in part and should be granted in part. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

**FACTS**

Movant filed suit in the Fifth Judicial District Court for the state of New Mexico against Debtor seeking both monetary and injunctive relief in the form of money damages and an injunction prohibiting Debtor from violating the terms of a non-compete clause in her employment agreement with Movant. After a five day bench trial, on July 29, 2005, the judge sent a transmittal letter to the parties that accompanied Findings of Fact and Conclusions of Law ("FFCL"). The letter requested that Movant's attorney prepare a judgment and injunction consistent with the FFCL. On August 1, 2005, the state court filed the Court's Findings of Fact and Conclusions of Law. On August 5, 2005, before any judgment or injunction was filed for record, Debtor

filed this voluntary Chapter 7 bankruptcy proceeding.  Movant seeks relief from the automatic stay to enter the judgment and injunction called for by the state court judge, and to commence enforcement of the injunction.  Debtor opposes the relief, claiming that these matters should be considered in connection with the nondischargeability adversary proceeding filed by Movant concerning the same facts.  In addition, Debtor claims that the injunctive relief is simply a claim like any other, and warrants no special treatment by this Court.

**CONCLUSIONS OF LAW**

1.      Under New Mexico law, entry of a judgment is a purely ministerial act.  In re High Country Resorts, 94 B.R. 193, 194 (Bankr. D. N.M. 1988)(citing De Lao v. Garcia, 96 N.M. 639, 640, 633 P.2d 1237, 1238 (Ct. App. 1981)).  The automatic stay does not prohibit ministerial acts because they are clerical in nature and do not constitute a continuation of legal proceedings against a debtor.  Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 974 (1st Cir. 1997).  See also In re Capgro Leasing Assoc., 169 B.R. 305, 315-16 (Bankr. E.D. N.Y. 1994).  Therefore, the automatic stay should be modified, to the extent necessary, for the state court to perform the ministerial act of entering the judgment.

2.      Alternatively, the automatic stay should be modified for cause.

> Under § 362(d)(1) stay relief may be granted for cause.
> While cause under § 362(d)(1) includes "the lack of
> adequate protection of an interest in property," it is
> not so limited. 11 U.S.C. § 362(d)(1). Because "cause"
> is not further defined in the Bankruptcy Code, relief
> from stay for cause is a discretionary determination
> made on a case by case basis. <u>Pursifull [v. Eakin]</u>, 814
> F.2d [1501] at 1506 [(10th Cir. 1987)].
> ...
> Twelve factors were identified in <u>In re Curtis</u>, 40 B.R.
> 795, 799-800 (Bankr. D. Utah 1984), as some of the
> issues a bankruptcy court might consider when
> determining whether to lift the stay to permit pending
> litigation in another forum. These factors are
> frequently referred to as the "Curtis factors." <u>See,
> e.g.</u>, <u>Sonnax Indus., Inc. v. Tri Component Prods. Corp.
> (In re Sonnax Indus., Inc.)</u>, 907 F.2d 1280, 1286 (2d
> Cir. 1990). The Curtis factors have been widely
> adopted by bankruptcy courts.

<u>Busch v. Busch (In re Busch)</u>, 294 B.R. 137, 140-41 (10th Cir. B.A.P. 2003)(footnote omitted.)

> The twelve Curtis factors are:
>
> (1) Whether the relief will result in a partial or
> complete resolution of the issues.
> (2) The lack of any connection with or interference
> with the bankruptcy case.
> (3) Whether the foreign proceeding involves the debtor
> as a fiduciary.
> (4) Whether a specialized tribunal has been established
> to hear the particular cause of action and the tribunal
> has the expertise to hear such cases.
> (5) Whether the debtor's insurance carrier has assumed
> full financial responsibility for defending the
> litigation.
> (6) Whether the action essentially involves third
> parties, and the debtor functions only as a bailee or
> conduit for the goods or proceeds in question.
> (7) Whether litigation in another forum would prejudice
> the interests of other creditors, the creditors'
> committee and other interested parties.
> (8) Whether the judgment claim arising from the foreign
> action is subject to equitable subordination under
> Section 510(c).

Case 05-16328-s7    Doc 25    Filed 03/15/06    Entered 03/15/06 11:51:00 Page 4 of 7

> (9) Whether movant's success in the foreign proceeding
> would result in a judicial lien avoidable by the debtor
> under Section 522(f).
> (10) The interest of judicial economy and the
> expeditious and economical determination of litigation
> for the parties.
> (11) Whether the foreign proceedings have progressed to
> the point where the parties are prepared for trial.
> (12) The impact of the stay on the parties and the
> "balance of hurt."

Curtis, 40 B.R. at 799-800 (citations omitted). In this case, the Court finds factors 3, 4, 5, 6, 8 and 9 are not relevant. As to the other factors, the Court finds that they overwhelmingly suggest that the automatic stay should be modified for cause. Modifying the stay to allow entry of the judgment would result in a complete resolution of the state court issues, liquidate all damage claims in a judgment, and outline the parameters of an injunction. There is no connection to the bankruptcy case, in which the Trustee has filed a report of no distribution and abandonment of assets. This bankruptcy case remains open only to determine this Motion. Allowing entry of the judgment will not prejudice the interests of other creditors; all other creditors' claims have been discharged. The interests of judicial economy will be served by modifying the automatic stay; entry of the judgment will be an expeditious and economical finalization of the state court action as compared to trying the matter anew in the Bankruptcy Court. Not only was the state court action ready for trial, the trial was completed. If the stay were not modified, the state court judgment would not be entered and

Page -4-

collateral estoppel would not be available, forcing Movant to retry the case in bankruptcy court. Therefore, the equities favor Movant. In conclusion, the Court finds that the automatic stay should be modified, for cause.

3. While the Court is modifying the automatic stay for entry of the judgment, the Court is not modifying the automatic stay for any enforcement action, which should be taken only in connection with the pending adversary proceeding. It is in that context that the issue of dischargeability of an injunction should be determined.

4. The Court is specifically not deciding many of the other issues raised by the parties in their briefs. Automatic stay litigation is a summary procedure in which the Court should only determine whether the automatic stay should be modified; the Court should not address the validity of the various creditors' claims during the hearing. In re Murray, 276 B.R. 869, 873 (Bankr. N.D. Ill. 2002).

**ORDER**

IT IS ORDERED that the automatic stay is modified to allow Rapid Temps, Inc. to return to the Fifth Judicial District Court to obtain entry of a judgment in case No. CV-2004-420 and take all actions in connection with entry of the judgment, such as legal action in connection with supporting or modifying any

finding of fact or conclusion of law, or pursuing any appeal thereof.

IT IS ORDERED that Rapid Temps, Inc. may take no action to enforce either the monetary or injunctive relief pending further order of this Court in the adversary proceeding.

Honorable James S. Starzynski
United States Bankruptcy Judge

I hereby certify that on March 15, 2006, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Jennie D Behles
PO Box 7070
Albuquerque, NM 87194-7070

Roger E Yarbro
PO Box 480
Cloudcroft, NM 88317-0480

Page -6-

Case 05-16328-s7    Doc 25    Filed 03/15/06    Entered 03/15/06 11:51:00 Page 7 of 7